## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

**STATE OF NEW MEXICO,** *ex rel.*
**NATIONAL EDUCATION**
**ASSOCIATION OF NEW MEXICO,**
**INC., a domestic nonprofit corporation,**
**on behalf of the EDUCATIONAL**
**RETIREMENT BOARD and the STATE**
**INVESTMENT COUNCIL,**

                    Plaintiff,

v.                                                  No. CIV 09-0730 BB/KBM

**AUSTIN CAPITAL MANAGEMENT**
**LTD.,**

                    Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court for consideration of a motion to for reconsideration filed by Defendant.  [Doc. 30] For the reasons discussed below, the motion will be denied.

**Lack of Jurisdiction**

Under precedent established in several circuits, the latest point at which this Court has jurisdiction to reconsider a remand order is when a certified copy of the order of remand is mailed to the state court.  *See, e.g.,Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984); *compare In re Lowe*, 102 F.3d 731, 735-36 (4th Cir. 1996) (rejecting "mailing" rule and holding the district court loses jurisdiction as soon as the remand order is entered).  The Court is informed that the Clerk's office mailed a certified copy of the remand order on November 9, 2009, the same date the order was

entered.  Therefore, the Court does not have jurisdiction to consider the motion for reconsideration.

**Merits**

It is possible the Tenth Circuit might adopt a different jurisdictional rule, and the Court might retain jurisdiction over the case until some later date (perhaps when the state court actually receives the order).  For that reason, the Court will address the merits of the motion for reconsideration.

Defendant argues diversity jurisdiction is conclusively established by Supreme Court precedent that was not addressed in the Court's opinion.  Defendant contends that under *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005), if a plaintiff such as the *qui tam* plaintiff in this case is a real party in interest and is diverse, a court may not consider the citizenship of non-parties such as the State, "no matter how real or crucial their interest." [Doc. 30]  Defendant also points out that real-party-in-interest status alone is not enough to destroy diversity, because if that were true courts would have to "consider the interests of countless entities not parties to a case." [Doc. 30]

It is true the Court did not discuss the *Lincoln* case in the remand opinion.  This is because, having considered *Lincoln* and its holding, the Court found it inapposite to this case.  In *Lincoln* the Supreme Court held that where the named plaintiff and the named defendant are diverse, diversity jurisdiction exists.  Under *Lincoln*, in determining diversity of the parties, courts should not inquire into the possibility that unnamed parties might also be real parties in interest who could be joined as defendants.  546 U.S. at 93-94.  The situation in *Lincoln*, however, is a far cry from the procedural status of this case.  In this case, the action brought by the *qui tam* Plaintiff is required to be brought in the name of the State, and was so brought. NMSA § 44-9-5(A).  In addition, although the State has to date declined to intervene in the action, New Mexico's Fraud Against Taxpayers Act ("FATA") grants the State a continuing interest in lawsuit, both procedurally and substantively.  For example, the State may yet be

2

allowed to intervene in the action despite its initial refusal to do so, upon a showing of good cause. NMSA § 44-9-6(F). Even without intervening, furthermore, the State retains a certain degree of control over the litigation; upon an appropriate showing, the State may request a temporary stay of discovery in order to pursue its own civil or criminal investigation into the matter. NMSA § 44-9-6(G). In sum, the State in this case is not an unnamed, unknown, merely potential party to the action. Instead, while not a "party" to the case for purposes of the Federal Rules of Civil Procedure, the State is in fact an entity named as a party. The State retains a contingent ability to become a fully-participating party, and as the actual "owner" of the cause of action, the State will directly benefit from a successful resolution of the lawsuit in favor of the *qui tam* Plaintiff. Under these circumstances, which are quite distinct from those present in *Lincoln*, the State must be considered at least a quasi-party to the action, and as such its presence in the lawsuit cannot be ignored for diversity-jurisdiction purposes.[1]

The Court notes its agreement with Defendant's cautionary admonition that real-party-in-interest status alone should not be sufficient to destroy diversity, and that courts should not be required to consider the possible interests of myriad unnamed parties in deciding whether diversity jurisdiction exists. In this case, however, as discussed above, much more is present than real-party-in-interest status alone. The State and its agencies are named in the caption of the complaint, and their interests in the case are obvious and in fact are stated in the complaint. In this somewhat unique situation, therefore, the Court disagrees with Defendant's argument that because the *qui tam* Plaintiff is also a real party in interest, the Court must disregard the presence

---

[1]The Court also considered *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980), in the course of preparing its prior opinion. *Navarro* stands for the unremarkable proposition that the citizenship of merely nominal or formal parties must be disregarded for diversity-jurisdiction purposes. 446 U.S. at 461. It is apparent, however, that the State is not merely a nominal or formal party to this action. Instead, it is in the somewhat anomalous position of being a named entity in the lawsuit, which is nevertheless not considered a full "party" to the case, but is assuredly a real party in interest. *Navarro*, therefore, is not persuasive authority.

of the State and its agencies in this lawsuit.  Instead, that presence must be considered and no diversity jurisdiction exists in this case.

**Conclusion**

As discussed above, this Court has no jurisdiction to consider Defendant's motion for reconsideration.  In addition, Defendant's entire argument is necessarily premised on the fact that, while the State and its agencies are named entities in this case, they are not considered formal, participating parties for purposes of the Federal Rules of Civil Procedure.  However, the FATA requires that this action be brought in the name of the State, and makes the State a real party in interest in any action brought under the statute.  Under these circumstances, the State is not simply an unidentified potential real party in interest, and the State's presence in the case must be considered in analyzing diversity jurisdiction.  The motion for reconsideration will therefore be denied.

**ORDER**

A Memorandum Opinion having been filed this date, it is hereby ORDERED that Defendant's motion for reconsideration (Doc. 30) be, and hereby is, DENIED.

Dated this 10th day of November, 2009.

_____
BRUCE D. BLACK
United States District Judge